GILBERT M. VANDEVOORT, PLAINTIFF, *v.* MARY D. S. DEWEY, DEFENDANT.

*Evidence — parol evidence is inadmissible to explain a patent ambiguity — when a condition will be held invalid for uncertainty because of unfilled blanks therein.*

On February 29, 1876, Jedediah Dewey and the defendant Mary, his wife, conveyed a lot owned by the husband to their son, Albert, who, on the same day, executed a lease, which was duly recorded in the proper county clerk's office, by which, in consideration of the said conveyance, he demised and leased to the said Jedediah and Mary, "during the natural lives of them, and the survivors of them, the house and garden spot" where they then resided, being part of the premises conveyed to the son, reserving to the son "the use and occupation of the south cellar under said house; and also reserving to said party of the first part the right to terminate this lease at any time after the decease of said Jedediah Dewey, at any time when the said party of the first part has an opportunity of selling the premises, of which said house and lot or garden spot are a part, by paying to said Mary D. S. Dewey the sum of _____ dollars; and also reserving to Maria E. Dewey, the sister of said party of the first part, the full and free right and privilege of a home in said house in as full and perfect manner as she now enjoys the same in said house with her father, the said Jedediah Dewey, so long as she remains unmarried."

The plaintiff, who claimed title to the premises under the foreclosure of a mortgage given on October 12, 1882, by the son, Albert, brought this action to recover the possession of the house and lot against the defendant, who, after the death of her husband, continued, and still continues, to occupy the premises.

Upon the trial the plaintiff offered to prove that at the time the lease in question was executed the clause therein relating to the payment of any money was inserted by the draughtsman without the knowledge or direction of either party to the lease; that it was so inserted for the purpose of providing for a nominal consideration only; that at the time of its execution the defendant expressly disclaimed any right under that provision to any money compensation for the surrender of her lease, and that she had, at divers times since, disclaimed any rights under that provision of the lease.

*Held,* that the evidence was properly excluded.

That the failure to insert in the blank the amount that was to be paid to the defendant to terminate the lease was a patent and not a latent ambiguity, and could not be corrected by parol evidence.

That as the clause pertaining to the termination of the lease failed to express the condition upon which the right so to do depended, and was void for uncertainty, the demise to the defendant contained in the lease stood without any condition for terminating it until it should expire by her death.

MOTION by the plaintiff for a new trial on exceptions ordered at the Ontario Circuit, to be heard at the General Term, in the first instance:

*W. H. Adams,* for the plaintiff.

*Smith & Hamlin,* for the defendant.

HAIGHT, J.:

This action was ejectment to recover the possession of a house and lot. On the 29th day of February, 1876, one Jedediah Dewey, the husband of the defendant, was the owner of the lot in question, and on that day himself and wife executed and delivered to their son, Albert L. Dewey, a deed thereof, who, on the same day, executed and delivered to them a lease of which the following is a copy so far as is material to be here considered: " A lease made and entered into this 29th day of February, 1876, between Albert Dewey, of the town of Manchester, in the county of Ontario and State of New York, of the first part, and Jedediah Dewey and Mary D. S. Dewey, of the same place, of the second part. Witnesseth: That in consideration of a conveyance of real estate

and personal property this day made, and covenants and agreements herein contained, the said party of the first part has demised and leased, and does hereby demise and lease, to the said party of the second part during the natural lives of them, and the survivors of them, the following described premises, to wit: The house and garden spot where the said parties now reside, consisting of about one-fourth of an acre of land, and are a part of the premises this day deeded by said parties of the second part to said party of the first part, reserving, however, to the said party of the first part, the use and occupation of the south cellar under said house; and also reserving to said party of the first part the right to terminate this lease at any time after the decease of said Jedediah Dewey, at any time when the said party of the first part has an opportunity of selling the premises, of which said house and lot or garden spot are a part, by paying to said Mary D. S. Dewey the sum of      dollars; and also reserving to Maria E. Dewey, the sister of said party of the first part, the full and free right and privilege of a home in said house in as full and perfect manner as she now enjoys the same in said house with her father, the said Jedediah Dewey, so long as she remains unmarried."

This lease was duly recorded in the office of the clerk of Ontario county on the 29th day of March, 1876. Subsequently and on the 12th day of October, 1882, Albert L. Dewey executed and delivered a mortgage upon the premises to one J. Addison Howland. The plaintiff derived title through a foreclosure of this mortgage. Jedediah Dewey is now deceased and his widow, the defendant, still continues to occupy the premises in question.

Upon the trial the plaintiff offered to prove that at the time the lease in question was executed the clause therein relating to the payment of any money was inserted by the draughtsman without the knowledge or direction of either party to the lease; that it was so inserted for the purpose of providing for a nominal consideration only; that at the time of its execution the defendant expressly disclaimed any right under that provision to any money compensation for the surrender of the lease, and that she has, at divers times since, disclaimed any rights under that provision of the lease. This offer was objected to by the defendant and denied by the court, the plaintiff taking an exception.

The defect in the lease is in the omission to insert in the blank the amount that was to be paid to the defendant to terminate the lease at the decease of Jedediah Dewey. This defect is a patent and not a latent ambiguity, and consequently cannot be corrected by parol evidence. (2 Pars. on Cont., 557, 563 ; *The Blossburg and Corning Railroad Co.* v. *The Tioga Railroad Co.*, 1 Keyes, 486.)

If the question was one of construction, as to the meaning of the contract, the language being such as to be capable of two or more constructions, parol evidence might be competent, but in the contract under consideration there is nothing in the provisions of the contract that gives us the least intimation as to the number of dollars that it was intended to insert in the contract, and it is, consequently, not a question of construction, but an omission which can only be supplied by the court making for the parties a contract which the parties have failed to make for themselves. This the courts have no power to do. It consequently follows that the offer to give parol evidence by the plaintiff's counsel was properly excluded by the trial court, and that this clause of the lease is void for uncertainty; but it does not follow that the entire lease is void. The demise was to the defendant during her lifetime. The consideration was the deed in which she had joined with her husband to her son, the lessor. This part of the lease is separate and independent, and clearly expresses the intention of the parties. The defective clause pertains to the condition upon which the lease may be terminated. This clause fails to express the condition and is void for uncertainty. The lease, therefore, stands without any condition terminating it until it, by its terms, expires from the death of the defendant.

The lease was to Jedediah Dewey and the defendant. It was to furnish them a residence during life. It is possible that they had no right to sub-let to others. The provision in the lease, giving to Maria E. Dewey, the defendant's daughter, the right and privilege of a home in the house, in the same manner as she enjoyed it with her father prior to the making of the lease, was possibly inserted for the purpose of preventing any question in reference to the defendant's right to permit her daughter to occupy the premises; but the fact that the daughter has now ceased to live with her

mother does not in any manner curtail or limit the estate of the mother in the premises.

The motion for new trial should, therefore, be denied, and judgment ordered for the derendant upon the nonsuit.

BARKER and BRADLEY, JJ., concurred.

Motion for new trial denied, and judgment ordered for the defendant upon the nonsuit.